ATTORNEY DISCIPLINARY PROCEEDINGS
l[1]PER CURIAM. *
This attorney disciplinary proceeding arises from a complaint filed with the Office of Disciplinary Counsel (“ODC”) by against respondent, David L. Shall, an attorney licensed to practice law in the State of Louisiana. Respondent now seeks discipline by consent, admitting he has engaged in conduct involving fraud, deceit, dishonesty and misrepresentation, in violation of Rule 8.4(c) of the Rules of Professional Conduct.
UNDERLYING FACTS
The record indicates that respondent knowingly purchased unauthorized copy cards for the purpose of copying records at the Notarial Archives for the Parish of Orleans (“Archives”). Respondent purchased these cards at a discount from an employee of the Archives, who kept the funds for himself. When confronted by the custodian of the Archives, respondent denied being in collusion with the employee. However, he agreed to pay $14,250, representing the revenue lost due to his actions.[1] Respondent thereafter provided full restitution in this amount.
In correspondence directed to the ODC, respondent admitted to engaging in the alleged misconduct, but stated that he was not acting in the capacity as a lawyer during the time he was abstracting and misusing the copy card.
DISCIPLINARY PROCEEDINGS
In August, 1998, respondent and the ODC filed a joint petition in this court for 1[2]Immediate interim suspension. On August 6, 1998, this court placed respondent on interim suspension pending further orders of the court, and ordered necessary disciplinary proceedings be instituted. In Re: Shall, 98-2098 (La.8/6/98), 717 So.2d 1127.
Prior to the filing of formal charges, respondent tendered a “Petition for Consent Discipline.” Respondent acknowledged that his conduct violated Rule 8.4(c), and proposed that he be suspended from the practice of law for a period of three years.
The ODC filed a concurrence to the petition. After considering the aggravating and mitigating factors,[2] and jurisprudence from this court,[3] the ODC concluded the proposed three year suspension was appropriate.
*396 On August 27, 1998, the disciplinary board filed its report with this court, in which it recommended the proposed consent discipline be adopted. Neither party has filed an objection to that recommendation.
DISCUSSION
It is undisputed that respondent’s conduct involved elements of deceit and dishonesty. His actions deprived the Archives of a significant amount of revenue it would have otherwise received. Although respondent ultimately made restitution, he did not do so until he was confronted by the custodian of the Archives. Under these circumstances, we find the proposed consent discipline is appropriate.
DECREE
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the recommendation of the disciplinary board be adopted. Accordingly, it is ordered that respondent, David L. Shall, be | ssuspended from the practice of law for a period of three years. All costs of these proceedings are assessed against respondent.

 Calogero, C.J. not on panel. Rule IV, Part 2, § 3.

. According to the record, the Archives generates funds by the sale of copy cards. According to the custodian, respondent typically spent $1,700 per month in copying costs, and had been purchasing the illegal cards for approximately eight months.

. The ODC noted the presence of the following aggravating factors: dishonest and selfish motive and substantial experience in the practice of law (admitted 10/8/87). The ODC noted the presence of the following mitigating factors: no prior discipline; restitution; and remorse.

.In support of the proposed three year suspension, the ODC relied on the following cases: In re: Salat, 95-0751 (La.4/21/95), 653 So.2d 548 (an attorney, who had a prior disciplinary record, was disbarred from the practice of law after *396 he was convicted of six counts of filing false public records and sentenced to two years at hard labor for bribing an employee of a clerk of court’s office to backdate petitions); Louisiana State Bar Ass'n v. Marcal, 430 So.2d 47 (La.1983) (two year suspension imposed on an attorney, with no prior disciplinary record, who was convicted of two counts of public bribery and sentenced to one year in prison for paying a deputy clerk of court to allot his cases to a specific section).